WONDIE RUSSELL (Bar No. 77990)
CATHERINE P. ROSEN (Bar No. 62562)
PETER J. CROSBY (Bar No. 115588)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Wondie.Russell@hellerehrman.com

ARLENE MAYERSON (Bar No. 79310)
LARISA M. CUMMINGS (Bar No. 131076)
SILVIA YEE (Bar No. 222737)
DISABILITY RIGHTS EDUCATION AND DEFENSE FUND
2212 Sixth Street
Berkeley, CA 94710
Telephone: +1.510.644.2555
Facsimile: +1.510.841.8645
lcummings@dredf.org

*See Signature Page for List of Additional Counsel*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND, a District of Columbia non-profit corporation, TAMMY RENEE COOPER, SCARLETT MILES, MARVELENA QUESADA, ARLENE DOHERTY, ALICE MARJORIE DONOVAN, BILLIE JEAN KEITH, GEORGE P. SMITH, and DOROTHY JACKSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of the Social Security Administration, in her official capacity, and SOCIAL SECURITY ADMINISTRATION<br><br>Defendants. | Case No.: C 05-4696 MJJ<br><br>CLASS ACTION<br><br>JOINT STATUS REPORT<br><br>Date: May 15, 2007<br>Time: 2:00 P.M.<br>Courtroom: 11<br>The Honorable Martin J. Jenkins |

Plaintiffs, American Council of the Blind, et al., and Defendants Michael Astrue, Commissioner of the Social Security Administration, in his official capacity, and Social Security Administration, in accordance with this Court's Order of February 27, 2007 ordering a Status Conference on May 15, 2007, hereby jointly advise the Court about the status of this case.

## A. DESCRIPTION OF THE CASE

### 1. Description of the Events Underlying the Action

#### a. Plaintiffs' Description

The Social Security Administration ("SSA") regularly communicates with plaintiffs, and the millions of blind and visually impaired Americans like them who are entitled to and rely on SSA benefits to meet their basic needs, in standard print format which they cannot read. Under existing procedures, SSA routinely suspends, terminates or reduces their benefits for failing to comply with requirements set forth in standard print documents that they cannot read, for failing to appear at appointments set forth in standard print documents that they cannot read, and for failing to return standard printed forms that they cannot read and complete in the format provided. The notices suspending or reducing benefits contain information on how and when to appeal the adverse determination, but provide this information in standard print format only which is entirely inaccessible to plaintiffs. To the extent that defendants represent that they provide telephonic notice upon request, plaintiffs aver that this option is inadequate and neither uniformly disclosed nor provided. This litigation seeks to rectify these practices by requiring SSA to comply with Section 504 of the Rehabilitation Act of 1973 and federal regulations mandating effective communication by reasonably accommodating blind and visually impaired persons and communicating with them in accessible format to ensure they have an equal opportunity to participate in and enjoy the benefits of SSA programs.

### b. Defendants' Description

SSA administers massive federal benefits programs to millions of Americans, including blind and visually impaired individuals. Pursuant to statutory direction, SSA provides individuals applying for or receiving benefits under its Title II, Title XVI, Medicare Part D prescription drug benefit, and Special Veterans Benefits programs on the basis of blindness with a choice of how to receive notices of any decisions or determinations made, or other action taken or proposed to be taken with respect to their rights under those programs. These options include sending the notice by first class mail followed up by telephoning the individual to read aloud the contents of the notice. If the individual selects this option, SSA will assist the individual in completing a request for reconsideration over the telephone in the event s/he disagrees with the notice. In addition, upon request, SSA will read aloud to any program participant any notice as many times and as often as the individual asks. SSA's accommodations are reasonable and enable it to communicate effectively with its blind and visually impaired applicants and beneficiaries.

## 2. Principal Factual Issues in Dispute

The principal factual issues in dispute involve what are the appropriate means of communicating with blind and visually impaired persons in accessible format, and what are the current communication practices, policies and procedures of the SSA, including its local offices as well as centralized operations, and what are the administrative and financial burdens that SSA will bear if required to modify its methods of communicating with blind and visually impaired individuals.

## 3. Principal Legal Issues in Dispute

(1) Whether this Court has subject matter jurisdiction over this case. (2) What are the legal requirements regarding SSA's obligations to accommodate blind and visually impaired persons by communicating with them in accessible format.

### a. Plaintiff's Statement of Legal Issues in Dispute

The principal legal issues presented are (1) whether Defendants' refusal to

offer or provide class members with communications in accessible formats bars their equal participation in SSA benefits programs in violation of Section 504 of the Rehabilitation Act of 1973; and (2) whether Defendants' policy of denying, reducing, suspending or terminating the class members' SSA benefits based solely upon standard print notices violates the Due Process Clause of the Fifth Amendment to the Constitution.

### b. Defendants' Statement of Legal Issues in Dispute

Defendants dispute subject matter jurisdiction, on the grounds that Plaintiffs' claims can only be brought under 42 U.S.C. § 405(g), a jurisdictional basis which Plaintiffs did not plead in their First Amended Complaint. Defendants also contend that their Congressionally mandated special notice policy delineates the scope of their notice obligations under the Rehabilitation Act, and accordingly that Plaintiffs fail to state a claim for relief under the Rehabilitation Act. Finally, Defendants assert that Plaintiffs also fail to state a claim for relief under the Due Process Clause of the Fifth Amendment, as their current notice policy is reasonably calculated to provide notice. Defendants therefore filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure.

After these motions to dismiss were fully briefed, the parties began to explore the potential to resolve this lawsuit without further litigation. To allow the parties time to exchange and digest significant substantive information so that proposals could be made and considered, defendants withdrew their motions without prejudice with the understanding that if an amicable resolution were not achieved, they would re-notice and re-instate their motions for hearing by the Court.

### B. PARTIES' EFFORTS TO ACHIEVE RESOLUTION

As the parties have previously advised the Court, in October 2006 the parties started exploring the feasibility of entering settlement negotiations. Defendants began to provide information to plaintiffs about the Social Security Administration's

4

systems and technologies for communicating with applicants, recipients and beneficiaries of Social Security benefits.  The parties have continued to exchange information and employees primarily from defendants' systems and operations components  have continued to answer plaintiffs' questions and provide additional information concerning the systems, technologies, and operational processes pursuant to which SSA communicates with applicants, recipients and beneficiaries.  The parties also identified operational and technological obstacles to providing notices in various alternative accessible formats and discussed potential ways to overcome these hurdles during the course of several telephone conferences.  Since at least January 2007, the parties have been discussing the possibilities of a consensual resolution of this case.  Another telephone conference took place on March 6, 2007, at which time the parties exchanged further systems and operations related information.  On April 2, 2007 counsel conferred by telephone to confirm that the parties were committed to negotiating and making proposals that will satisfy all concerned.  Towards that end, plaintiffs have recently presented defendant with a proposal addressing some of the concerns raised in the parties' prior communications, and the parties are currently arranging for test conversions of notices to various alternative formats to ascertain the technological, operational, and financial limitations in so doing.  No in-person meetings have occurred as yet.  The parties remain committed to a good faith effort at resolving the issues presented by plaintiffs through negotiation.

### C.  CASE SCHEDULE

Unless the Court wishes to hear further from the parties in person, the parties request that the Court remove the Status Conference scheduled for May 15, 2007 from the calendar and schedule a further Status Conference in approximately three (3) months time so that the parties may report their progress and together schedule

any appropriate further dates, such as dates for a Settlement or Case Management Conference and/or hearings on Defendants' motions to dismiss.

Respectfully submitted,

DATED: April 30, 2007     HELLER EHRMAN LLP

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND

By \_\_\_\_/s/ Wondie Russell\_\_\_\_
WONDIE RUSSELL
Attorneys For Plaintiffs

*Additional Co-Counsel for Plaintiffs*:
GERALD A. MCINTYRE (Bar No. 181746)
JEANNE FINBERG (Bar No. 88333)
NATIONAL SENIOR CITIZENS LAW CENTER
3435 Wilshire Boulevard, Suite 2860
Los Angeles, CA 90010
Telephone: +1.213.639.0930
Facsimile: +1.213.639.0934
gmcintyre@nsclc.org

KATHLEEN L. WILDE (Oregon Bar No. 97105) (Admitted *Pro Hac Vice*)
OREGON ADVOCACY CENTER
620 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: +1.503.243.2081
Facsimile: +1.503.243.1738
kwilde@oradvocacy.org

DATED: April 30, 2007     UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch

By \_\_\_\_/s/ Tara M.Lamorte_____
PETER D. KEISLER
RICHARD G. LEPLEY
TARA M. LAMORTE

Attorneys for Defendants

---

THE MAY 15, 2007 STATUS CONFERENCE IS CONTIN. TO 8/7/07 AT 2:00 P.M. A JOINT STMT. FROM THE PARTIES IS DUE 10 (TEN) DAYS PRIOR TO THE CONFERENCE.

IT IS SO ORDERED
Judge Martin J. Jenkins
Dated: 5/14/2007