IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND, a District of Columbia non-profit corporation, TAMMY RENEE COOPER, SCARLETT MILES, MARVELENA QUESADA, ARLENE DOHERTY, ALICE MARJORIE DONOVAN, BILLIE JEAN KEITH, GEORGE P. SMITH, and DOROTHY JACKSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of the Social Security Administration, in his official capacity, and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | No. C 05-04696 WHA<br><br>**ORDER DENYING RULE 12(b)(6) MOTION TO DISMISS** |

**INTRODUCTION**

In this disability-rights action, the Court previously denied defendants' Rule 12(b)(6) motion to dismiss in part and postponed resolution of all other issues concerning the merits of plaintiffs' claims. This order **DENIES** defendants' motion to dismiss plaintiffs' due process claims.

**STATEMENT**

Plaintiffs are eight visually impaired individuals and the American Council for the Blind, a national membership organization of visually impaired persons. Each individual plaintiff receives some kind of Social Security benefit, either through the Old-Age, Survivors,

and Disability Insurance ("OASDI") program, the Supplemental Security Income ("SSI") program, or both. At the time the complaint was filed, one of these plaintiffs (Dorothy Jackson) was also a representative payee for her husband, an SSI recipient. Plaintiffs seek to represent a class of similarly situated persons.

Plaintiffs assert claims under Section 504 of the Rehabilitation Act and claims under the due process clause. Defendants previously moved to dismiss plaintiffs' claims for lack of subject-matter jurisdiction and failure to state a claim. An order dated April 23, 2008, denied defendants' motion to dismiss for lack of subject-matter jurisdiction, concluding that: (i) plaintiffs' claims were not subject to the jurisdictional bar of Section 405(h) of the Social Security Act; (ii) a private right of action for equitable relief under Section 504 of the Rehabilitation Act exists under Ninth Circuit precedent; and (iii) jurisdiction was therefore proper under 28 U.S.C. 1331. In addition, the order denied defendants' motion to dismiss for failure to state a claim with respect to plaintiffs' Rehabilitation Act claims but did not reach the legal sufficiency of plaintiffs' due process claims.

Further details concerning the history of this case can be found in the order dated April 23, 2008.

**ANALYSIS**

**1.   RULE 12(b)(6) MOTION.**

**A.   Legal Standard.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right

2

to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Court. 1955, 1964–65 (2007).[1]

## B. Due Process Claims.

The complaint alleges that defendants' failure to communicate with plaintiffs in an accessible format denies plaintiffs "adequate notice and an opportunity to be heard" regarding their Social Security benefits (a protected property interest) in violation of the due process clause. Defendants assert that its notice policy "satisfies minimum Fifth Amendment due process requirements because it is 'reasonably calculated' to apprise blind participants" of any determination affecting their Social Security benefits (Br. 23).

Liberally construing the complaint, the Court cannot conclude as a matter of law that the agency provides sufficient notice under the due process clause. Significant factual disputes exist between the parties. For example, the parties dispute whether the agency extends the special notice policy to all blind or visually impaired recipients of Social Security benefits or only to those participants who receive benefits *based on* blindness.[2] Moreover, plaintiffs contend that the agency does not provide the special notice options on a consistent basis. Indeed, defendants concede that these factual issues "cannot be resolved on this Rule 12(b)(6) motion to dismiss" (Reply Br. 15).

The parties disagree over which test provides the appropriate legal standard for determining whether the notice provided to plaintiffs is sufficient under the due process clause. Plaintiffs argue that *Mathews v. Eldridge*, 424 U.S. 319 (1976), applies while defendants contend that *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950), provides the proper test. This order need not reach the issue of which standard applies because plaintiffs have alleged facts that, if true, could entitle them to relief under either standard. Defendants' motion to dismiss is therefore **DENIED**.

---

[1] Internal citations have been omitted unless otherwise indicated.

[2] On its face, the special notice policy applies only to participants who receive benefits based on blindness.

3

**2.    REPRESENTATIVE PAYEES.**

The Court takes notice that plaintiff Dorothy Jackson, the sole representative payee named in the complaint, ceased performing this role on September 26, 2007. As a result, Ms. Jackson has standing as a recipient of Social Security benefits but no longer has standing as a representative payee. Plaintiffs will have until June 12, 2008, to seek leave to add any new parties.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiffs' due process claims is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE