IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND, a District of Columbia non-profit corporation, TAMMY RENEE COOPER, SCARLETT MILES, MARVELENA QUESADA, ARLENE DOHERTY, ALICE MARJORIE DONOVAN, BILLIE JEAN KEITH, GEORGE P. SMITH, and DOROTHY JACKSON on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL ASTRUE, Commissioner of the Social Security Administration, in his official capacity, and SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendants.<br>                                                               / | No. C 05-04696 WHA<br><br>**ORDER RE PROPER COURSE OF FUTURE PROCEEDINGS** |

An order dated April 23, 2008, concluded that jurisdiction over plaintiffs' claims was proper under 28 U.S.C. 1331 and that the special notice provisions of the Social Security Act did not relieve the Social Security Administration of its duties under Section 504 of the Rehabilitation Act. The order then requested the recommendations of counsel concerning the best case management steps going forward. The order proposed the following options:

    1.    Actively continue litigating this case under Section 504 of the Rehabilitation Act, decide the issue of class certification, and determine the scope of relief, if any.

      2.      Stay the proceedings of the case so that the agency can engage in rulemaking or pursue other agency action in light of the ruling on the merits made therein.

      3.      Remand the action to the agency for rulemaking or other agency action.

      4.      Certify the order dated April 23, 2008, for interlocutory review under 28 U.S.C. 1292(b) and stay all proceedings.

The parties submitted briefs discussing the relative merits of these options. The parties are in agreement that the best course of action is to continue litigating this case under Section 504 of the Rehabilitation Act.

The Court could require prudential exhaustion for those plaintiffs who have not yet exhausted administrative remedies but declines to do so. *First*, delaying judicial review would result in irreparable injury to the plaintiffs. Many of the injuries about which plaintiffs complain — for example, the anxiety caused by the ineffective communication formats and the extra burdens associated with obtaining a reader — are ones for which plaintiffs could not be compensated if delay is allowed. *Second*, requiring exhaustion would be futile. The agency has already denied the discrimination claims of plaintiffs Cooper and Keith and has them on perpetual hold on "administrative appeal."

Litigation will therefore proceed under the Rehabilitation Act. The Court believes it is best for both sides to conduct discovery and to meet the deadlines set forth in the case management order dated February 28, 2008. Any deviation from the case management order would require a formal motion and will only be granted in all events for very good cause. For the time being, the Court is unwilling to bifurcate discovery or bifurcate proceedings in any manner.

Contrary to plaintiffs' suggestion in their brief, the Court has not ruled yet on whether or not the defendants have violated Section 504 of the Rehabilitation Act. Rather, the Court has ruled that the complaint states a claim under Section 504. It is up to plaintiffs to prove a violation through evidence at trial or on summary judgment.

**IT IS SO ORDERED.**

Dated: May 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE