United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND, a District of Columbia non-profit corporation, SCARLETT MILES, MARVELENA QUESADA, ARLENE DOHERTY, ALICE MARJORIE DONOVAN, BILLIE JEAN KEITH, GEORGE P. SMITH, MARY ANN ALEXANDER, AND LAURA M. RUSSELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security Administration, in his official capacity, and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants.<br>_____ / | No. C 05–4696 WHA<br><br>**CLASS ACTION**<br><br>**ORDER AMENDING COMPLIANCE SCHEDULE AND VACATING HEARING** |

In this class action involving visually impaired social security beneficiaries and their rights under Section 504 of the Rehabilitation Act to receive communications from the Social Security Administration (SSA) in Braille and Microsoft Word formats, defendants move to amend the implementation schedule governing the relief ordered by the Court. Plaintiffs filed a statement of non-opposition, as well as a joint stipulation outlining the parties' agreement on this matter (Dkt. No. 375). For the reasons set forth below, defendants' motion is **GRANTED**.

On October 20, 2009, following a bench trial held in September 2009, the undersigned entered judgment in favor of plaintiffs under Section 504 of the Rehabilitation Act, requiring SSA to provide blind and visually impaired beneficiaries, recipients, and representative payees in the

Title II and Title XVI benefits programs with the option of receiving notices and communications in Braille and navigable Microsoft Word CD formats (Dkt. No. 323). Various implementation milestones, as well as a final compliance deadline of April 15, 2010, were set forth therein.

On December 24, 2009, defendants moved to amend the implementation schedule based upon a comprehensive implementation plan developed within SSA (Dkt. No. 348). The basis for the motion was that (1) the original implementation deadlines were established without reference to the inner-workings of SSA, and (2) to implement the judgment properly, a staggered implementation would be necessary. While the motion was pending, the parties reached an agreement on the revised schedule, and plaintiffs withdrew their opposition to the motion (Dkt. No. 366). In an order issued on January 22, 2010, defendants' motion was granted and the compliance schedule was amended (Dkt. No. 368). The January 22 order found that adopting defendants' comprehensive plan — which divided implementation into two stages, and was designed to ensure greater manageability and reliability of the notice-generating process — would be in the best interests of class members.

While the original compliance schedule set a final deadline of April 15, 2010, for *all* SSA notices to be available in Braille and Microsoft Word format, the amended plan only required partial compliance with this deadline. Specifically, the revised schedule retained the April 15 deadline for notices and communications that were *centrally generated* by SSA, which accounted for approximately 70% of all notices and communications mailed each year. Notices and communications that were *locally generated* at field offices and other locations, however, were given extended, staggered deadlines. The reasoning behind this separation between centrally generated and locally generated notices was based upon the logical decision to generate *all* special-format SSA notices from one central location. In other words, once the central location was equipped to generate and mail notices in Braille and Microsoft Word format, the local offices would be connected to the "central hub," and their notices would *also* print from the central location. The benefits of this approach were two-fold: (1) increased manageability of having only one central printing location, and (2) savings in costs by not having to purchase special printing equipment and train personnel at each local office.

2

On March 25, 2010, defendants filed the instant motion, seeking to amend only the April 15 deadline established for centrally generated notices (Dkt. No. 372). Defendants seek a five-week extension to May 24, 2010, which they claim is necessary due to a combination of two factors: (1) closures due to record snow-fall in Washington, D.C. in early February 2010 (causing approximately two weeks of delay) and (2) difficulty in converting notices to Braille and navigable Microsoft Word format, due to inaccurate estimates of the complexity of SSA notices (causing the rest of the delay) (Parry Decl. ¶¶ 15–21). Related to this extension, SSA requests that the date after which "no social security benefits may be reduced or terminated to any individual shown in the SSA records to be blind or visually impaired . . . unless . . . the method of notice, if any, selected by said person was followed," be extended to May 24, and the date by which SSA must "file a certificate of compliance" with the above obligations be extended to May 26 (Br. 10; Dkt. No. 323 at 40–41).

SSA also requests additional time to provide "Record Specification" notices in the new format. These notices — which were not discussed in any of the previous motions — did not fall within SSA's special notice policy prior to the date of judgment, are generated by an entirely separate process than all other notices mentioned above (indeed, they are generated by third-party vendors), and are "strictly informational and non-decisional" (Parry Decl. ¶ 38). Finally, SSA informed the Court that it had decided to grant requests under 45 C.F.R. § 85.51 by beneficiaries for notices and communications in large print and audio CDs.

Plaintiffs' filed a statement of non-opposition and a joint stipulation on April 1, outlining additional provisions agreed upon by the parties (Dkt. No. 375). In their statement, plaintiffs consented to the relief requested based upon SSA's decision to implement the following:

1. In order to inform relevant SSA staff of its decision to grant requests made under 45 C.F.R. § 85.51 for large print and audio CDs, SSA will either issue a new Emergency Message or revise its existing Emergency Message by June 15, 2010.

2. SSA will provide a schedule with specific dates for revising all relevant agency documents to conform to its decision to grant requests for large print and audio CDs in the June 15, 2010 monitoring report submitted to plaintiffs.

3

3. SSA will provide a time schedule with specific dates for actually providing the large print and audio CD formats that will be provided to class members in the September 15, 2010 monitoring report.

\*            \*            \*

Having reviewed defendant's motion and attached declarations, this order finds that good cause supports the requested extension of the April 15 deadline for centrally generated notices, and that the requested extensions are both reasonable and in the best interests of the class.

*First*, with respect to the April 15 implementation deadline, this order accepts defendants' proffered reasons why implementation is now five weeks behind schedule. As explained in the prior order, defendants have been diligent in meeting all other deadlines, and have substantially complied with the terms of the judgment. Moreover, this order finds that the interests of absent class members would not be protected if defendants were forced to cut short the already abbreviated testing and implementation period. Nobody will benefit if the updated system is plagued with malfunctions and errors due to an unreasonably rushed deployment. As such, the request to extend this deadline to May 24, 2010, is **GRANTED**.

*Second*, with respect to the April 15 deadline after which "no social security benefits may be reduced or terminated to any individual shown in the SSA records to be blind or visually impaired . . . unless . . . the method of notice, if any, selected by said person was followed," it makes little sense to leave this deadline in place while the compliance deadline has been extended. Moreover, any beneficiaries who receive benefits to which they are not entitled would generally be required to repay the amount to the government anyway. 42 U.S.C. 404(a)(A)(1), 1383(b)(1)(A); 20 C.F.R. 404.502, 416.560, 416.570. As such, the request to extend this deadline to May 24, 2010, is also **GRANTED**.

*Third*, given that the above deadlines have been extended to May 24, 2010, the request to extend the deadline by which SSA must "file a certificate of compliance under oath stating in detail what was done to comply" with these obligations is **GRANTED**. SSA must file this certificate of compliance by **NOON ON MAY 26, 2010.**

4

*Fourth*, this order adopts SSA's proposed schedule governing the production of Record Specification notices in Braille and Microsoft Word format. This schedule is shown below (Br. 14; Parry Decl. ¶ 39):

| RECORD SPECIFICATION NOTICE CATEGORY | FREQUENCY OF NOTICES | IMPLEMENTATION DEADLINE |
|---|---|---|
| Representative Payee | Twice per month | July 26, 2010 |
| Representative Payee Final Accounting | Twice per month (beginning in August 2010) | July 26, 2010 |
| Payee Fee Adjustment | Annually, in November | November 1, 2010 |
| Step Parent | Annually, in November | November 1, 2010 |
| National Change of Address | Four times per year | February 1, 2011 |
| Good News #2.75 | Monthly | February 1, 2011 |
| Beneficiary Recontact | Monthly | February 1, 2011 |
| CPS | Daily | May 1, 2011 |
| TALC Mail | Daily | May 1, 2011 |
| Mid-Year Mailer | Annually, in July | July 1, 2011 |
| Continuing Disability Review Mailer | Four times per year | September 1, 2011 |
| Title II COLA | Annually, in November | November 20, 2011 |

Unlike centrally generated and locally generated notices, these notices are not generated by SSA. Rather, they are produced by third-party vendors. Additionally, these notices are purely informational and do not affect a beneficiary's entitlement to benefits. Given these two factors, the schedule proposed by SSA for these particular notice types is reasonable and in the best interests of the class, because (1) the information contained within these notices do not affect entitlement to benefits, and (2) delaying the implementation of these notices will allow SSA to focus on ensuring that centrally generated notices — which account for 70% of all notices, and may affect entitlement — are available in Braille and Microsoft Word format by May 24, 2010. As such, SSA's request to amend the compliance schedule to add these *new* dates for Record Specification notices is **GRANTED**.

\*         \*         \*

5

For the reasons set forth above, SSA's motion to amend the compliance schedule is **GRANTED**.  The hearing on this motion scheduled for April 8, 2010, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 2, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE